IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:  EDWARD JOHN McCOY, SR.       :       Chapter 7
        JUDANNE JODI McCOY,          :
                                     :
        Debtors.                     :       Bky. No. 09-10403ELF
                                     :

# **M E M O R A N D U M**

### I.

Currently before the court in this chapter 7 case is the issue whether debtors' counsel's compensation should be reduced pursuant to 11 U.S.C. §329(a) and/or §329(b) for failure to comply with the disclosure obligations set forth in Fed. R. Bankr. P. 2016(b) and for deficiencies in the representation provided with respect to the requirements of 11 U.S.C. §109(h). For the reasons set forth below, I determine that a modest reduction of $250.00 is warranted.

### II.

Debtors Edward John McCoy, Sr. and Judanne Jodi McCoy (collectively, "Debtors") filed a joint petition under chapter 7 of the Bankruptcy Code on January 21, 2009. See Docket Entry No. 1. Jeffrey F. Dragon of Jeffrey F. Dragon & Associates, P.A. ("the Dragon Firm") represents the Debtors.

Shortly after the Debtors filed their petition, an issue arose concerning their eligibility to be bankruptcy debtors under 11 U.S.C. §109(h).[1] Although this issue is no longer before the

---

[1] 11 U.S.C. §109(h)(1) states that an individual "may not be a debtor" under title 11 unless the individual received a credit briefing prior to the filing of the petition. This requirement is subject to certain exceptions.

court, having been resolved via a hearing and the entry of an order that granted the Debtors an extension of time to comply with 11 U.S.C. §109(h), see Docket Entry No. 18, I include a brief discussion of the eligibility issue here because it provides background into how the current counsel fee issue arose and because it impacts my determination of the fee issue.

Along with their joint petition, the Debtors filed two (2) Exhibit Ds. On those Exhibits, each Debtor checked the box indicating that he/she (1) had obtained a prepetition credit briefing within 180 days before filing for bankruptcy as required by 11 U.S.C. §109(h), (2) possessed the requisite credit counseling certificate, and (3) was attaching a copy of that certificate to the filing. See Docket Entry Nos. 4, 5. Despite these representations and the instructions on Exhibit D, neither Debtor attached a credit counseling certificate to the initial bankruptcy petition, Exhibit D or any of the other accompanying filings. Instead, in response to the January 22nd Order that noted this deficiency and that advised that the case would be dismissed if the deficiency was not corrected, see Docket Entry No. 7, the Debtors filed credit counseling certificates on January 28, 2009. See Docket Entry Nos. 10, 11. Significantly, these certificates reflected that the Debtors did not receive credit counseling until January 28, 2009, one week after filing their bankruptcy petition.

Accordingly, by Order dated February 2, 2009, the court scheduled a hearing on February 18, 2009 to consider: (1) whether the case should be dismissed due to the Debtor's failure to comply with the eligibility requirements set forth in 11 U.S.C. §109(h) and (2) whether any compensation the Debtor's counsel may have received was reasonable, whether it exceeded the reasonable value of the services rendered and/or whether it should be returned to the Debtor(s) or

other proper party.  See Docket Entry No. 13.[2]

Debtor Judanne Jodi McCoy ("Mrs. McCoy") appeared at the February 18, 2009 hearing accompanied by an attorney from the Dragon Firm.  Mrs. McCoy testified at some length concerning the circumstances that caused the Debtors to commence this bankruptcy case without first receiving the credit briefing required by 11 U.S.C. §109(h).

For the reasons stated in open court, the court ruled that it would not dismiss the case because the Debtors satisfied the requirements set forth in 11 U.S.C. §109(h)(3)(A) for an extension of time to obtain the credit briefing.  Specifically, the court found that the Debtors made a proper showing for a thirty (30) day extension of time pursuant to §109(h)(3)(B).  See also Docket Entry No. 18.[3]

---

[2] This part of the Order scheduling a hearing to consider the Debtors' counsel's compensation was not unusual.  If the circumstances of a given case require that I schedule a hearing to consider a debtor's eligibility under 11 U.S.C. §109(h), I frequently schedule a hearing, to be held simultaneously with the §109(h) hearing, to consider the reasonableness of any counsel fee that has been charged.  The reason for this practice is simple: the credit counseling requirement imposed by 11 U.S.C. §109(h) as a condition of bankruptcy eligibility for individual debtors, ordinarily, should cause no difficulties if a debtor has been properly counseled and represented.  In other words, the need for the court to schedule a hearing under §109(h) itself raises a question regarding the quality and value of services counsel has provided.

[3] Because I stated my reasons in court and I write this Memorandum primarily for the benefit of the parties, I will not recapitulate the basis for my ruling on the §109(h) issue.  However, relevant to the matter at hand was my related conclusion that the Debtors' inability to obtain prepetition credit counseling and the court's need to conduct (and Mrs. McCoy's need to attend) a hearing to determine the Debtors' entitlement to an extension of time under §109(h)(3) was attributable, at least in part, to a lack of adequate prepetition legal counseling and guidance from their counsel. Further, there can be no doubt that counsel must bear substantial responsibility for filing a bankruptcy petition (and specifically, the two (2) Exhibit D's thereto) that stated erroneously that the Debtors had already received credit counseling and had a certificate in hand from the counseling agency.

### III.

The second part of the February 18 hearing concerned the counsel fee issue.

On January 21, 2009, i.e., the same day that the Dragon Firm filed the Debtor's bankruptcy petition, schedules and other statements, it filed a Fed. R. Bankr. P. 2016(b) disclosure of compensation ("the 2016(b) Statement"). That 2016(b) Statement disclosed that:

> **Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that the compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with this bankruptcy case is as follows**:
>
> | | |
> |---|---|
> | **For legal services, I have agreed to accept** | **$1500.00** |
> | **Prior to the filing of this statement I have received** | **$ 400.00** |
> | **Amount of filing fee in this case paid** | **$ 299.00** |
> | **Balance Due** | **$1399.00** |

At the February 18 hearing, however, Mrs. McCoy's testimony revealed particulars of the Debtors' fee agreement with the Dragon Firm that conflicted with the 2016(b) Statement in two respects. Specifically, Mrs. McCoy stated that: (1) the Debtors paid the Dragon Firm $850.00 (not the $400.00 disclosed in the 2016(b) Statement) prior to the filing of the bankruptcy case; and (2) she understood the $1,500.00 fee to include filing fees (not $1,500.00 plus the $299.00 filing fee as disclosed in the 2016(b) Statement).

At the conclusion of the hearing, the court announced that it would give the Dragon Firm

an opportunity to make an additional submission regarding the financial terms of its attorney-client relationship with the Debtors. The court entered an Order dated February 18, 2009, providing:

> 1. The hearing record shall remain open until February 25, 2009, during which time the Debtor's counsel may supplement the record with a written submission ("the Written Submission").
>
> 2. The Written Submission shall be under oath and shall address the following subjects: The terms of the agreement (including the treatment of filing fees) between the Debtors' and the Debtors' counsel and the dates and amounts of all compensation received by the Debtors' counsel (including money paid for reimbursement of expenses) in contemplation of or in connection with this bankruptcy case.
>
> 3. In the Written Submission, the Debtor's counsel may request an evidentiary hearing in Court.
>
> 4. After receipt of the Written Submission (or after the conclusion of an evidentiary hearing, if one is requested by the Debtor's counsel), the Court will decide whether to take any action pursuant to 11 U.S.C. §329(b).

Docket Entry No. 17.

The Dragon Firm filed an Affidavit of Fees and Costs, executed by Jeffrey F. Dragon, Esquire, on February 24, 2009 ("the Affidavit"). See Docket Entry No. 21. There are three (3) separate matters that are addressed in the Affidavit that bear discussion.

First, in the Affidavit, Mr. Dragon acknowledged that the 2016(b) Statement was erroneous with respect to its disclosure of the compensation the Dragon Firm had received from the Debtors prior to the filing of the bankruptcy petition. Mr. Dragon said that the Debtors paid the Dragon Firm a total of $1,250.00,[4] not $400.00, prior to filing the bankruptcy case. He

---

[4] This amount included a $150.00 consultation fee paid at their first meeting in October 2008, the $400.00 payment made on December 2, 2009 and a $700.00 payment on January 14, 2009.

attributed the incorrect disclosure in the 2016(b) Statement to an office error. He explained that his staff had prepared the 2016(b) Statement prior to January 14, 2009 and that, because that same staff was not aware that a $700.00 payment had been received on that date, the additional payment "was inadvertently not noted" on the 2016(b) Statement when the bankruptcy petition was filed. Affidavit ¶4 (the second paragraph numbered 4)[5]. He added that this was his office's first bankruptcy filing in Pennsylvania (his office is in New Jersey) and that he and his office staff were "trying to acquaint [themselves] with the filing procedures." Id. ¶6. He "apologize[d]" for the confusion caused by the error. Id. ¶9. He promised to institute an office protocol in which "all petitions are reviewed a second time before being filed to make sure that subsequent actions are fully incorporated into the petition." Id. ¶6.

Second, while acknowledging that the 2016(b) Statement's disclosure that the Dragon Firm received only $400.00 prepetition was incorrect, Mr. Dragon suggested that the Firm had a duty to disclose only prepetition payments of $1,100.00. Affidavit ¶4 (second paragraph so numbered). Apparently, Mr. Dragon would exclude the initial consultation fee of $150.00. It is unclear why. 11 U.S.C. §329(a) mandates the disclosure of compensation received within one (1) year before the filing of the petition "in contemplation of or in connection with the case." See also Fed. R. Bankr. P. 2016(b) (incorporating this requirement by reference). An initial consultation that leads to a bankruptcy filing falls within this disclosure requirement. Mr. Dragon hinted that the initial consultation involved other matters. See Affidavit ¶2 (the first paragraph so numbered) (during consultation, Mr. Dragon "discussed a number of legal issues"

---

[5] The Affidavit is misnumbered, containing two (2) paragraphs numbered 4, two (2) paragraphs numbered 2, and two (2) paragraphs numbered 3..

with the Debtors). However, he did not say the consultation involved no discussion of Debtors' financial problems and possible need for bankruptcy relief. Consequently, I infer that the Debtors' financial distress was one of the topics discussed during the initial consultation. In these circumstances, it appears more likely than not that the consultation fee was paid "in contemplation of" the bankruptcy filing. See In re Greco, 246 B.R. 226, 231 (Bankr. E.D. Pa. 2000) (observing the broad interpretation accorded the term); see also In re Mayeaux 269 B.R. 614, 622-23 (Bankr. E.D. Tex. 2001).

Third, and finally, in the Affidavit, Mr. Dragon stated that the 2016(b) Statement was accurate in its description of the fee agreement. I find this statement to be correct. As verified by the actual retainer agreement that was attached as an Exhibit to the Affidavit, the Debtors agreed to pay a fee of $1,500.00 "plus expenses and costs." Thus, Mrs. McCoy's testimony that the $1,500.00 fee included the filing fee was incorrect and the 2016(b) Statement was correct on that point.

When it filed the Affidavit, the Dragon Firm did not request an evidentiary hearing pursuant to Paragraph 3 of the February 18 Order. Thus, the matter is ready for decision.

### IV.

In evaluating whether some reduction in the Debtors' counsel's compensation is warranted in this case, I begin by focusing on counsel's failure to comply with its disclosure obligation under Fed. R. Bankr. P.2016(b).

It is settled law that "[a]n attorney who fails to comply with the requirements of Section 329(a) or Rule 2016(b) is subject to forfeiture of any right to receive compensation for services

7

rendered on behalf of the debtor, and the disgorgement of any funds already paid by the debtor." In re Gore, 2008 WL 5049915, at *3 (Bankr. E.D. Pa. Nov. 25, 2008) (internal quotation marks and citations omitted) (collecting authorities); accord In re Berg, 356 B.R. 378, 384 (Bankr. E.D. Pa. 2006). The decision whether to disallow compensation and/or order disgorgement of compensation already paid in whole or in part, lies within the broad discretion of the bankruptcy court. In re Larrieau, 2000 WL 36328, at *4 (E.D. Pa. Jan. 18, 2000).

In this case, the Dragon Firm failed to satisfy its obligations under 11 U.S.C. §329(a) and Fed. R. Bankr. P. 2016(b). However, it offered an explanation that its erroneous disclosure was inadvertent and stated its intent to initiate procedures to avoid the repetition of such errors in the future. I find Mr. Dragon's explanation of the cause of the error credible and his apology for the mistake appears sincere. I accept that the error was made in good faith and, presumably, the Dragon Firm's future filings will satisfy the requirements of 11 U.S.C. §329(a) and Fed. R. Bankr. P. 2016(b). If the sole problem in this case were the incorrect 2016(b) Statement, it is likely that no further action by the court would be warranted. However, two (2) other factors cause me to conclude otherwise.

First, it appears that the Dragon Firm still fails to appreciate fully its obligation under 11 U.S.C. §329(a) and Fed. R. Bankr. P. 2016(b) to make a full and complete disclosure of compensation. Declining to disclose the initial consultation fee the Debtors paid before they made their final decision to retain the Dragon Firm as their counsel in a bankruptcy case strikes me as the type of "coy" disclosure[6] that is inadequate and that undermines the court's ability to fulfill its supervisory role with respect to the financial transactions between debtor and counsel.

---

[6]  In re Saturley, 131 B.R. 509, 516-517 (Bankr. D. Me. 1991)

See In re Fricker, 131 B.R. 932, 938-41 (Bankr. E.D. Pa. 1991).

Second, as discussed above, the representation the Dragon Firm provided to the Debtors failed to avoid and even contributed to the problems the Debtors experienced in attempting to fulfill their prepetition credit counseling requirement under 11 U.S.C. §109(h). As a result, the Debtors faced the possible dismissal of their case and Mrs. McCoy was obliged to attend and testify at the dismissal hearing the court scheduled. These problems could have been avoided if the Dragon Firm handled this case with more care.

Based on all of the circumstances described above, after a review of the entire record in the case[7] and in the exercise of the discretion afforded the bankruptcy court in enforcing 11 U.S.C. §329(a) and applying §329(b), I conclude that a modest deduction in the Dragon Firm's counsel fee is appropriate. Here, I find that the appropriate fee is $1,250.00.[8]

An appropriate Order follows.

**Date:   March 9, 2009**

**ERIC L. FRANK
U.S. BANKRUPTCY JUDGE**

---

[7] I have reviewed the schedules and statement filed by the Debtors as well as the case docket.

[8] One final issue should be noted. Based on the ruling herein, the Debtors are obliged to pay the Dragon Firm $1,250.00 in counsel fees and $299.00 in filing fees. The Debtors paid $1,250.00 prior to the filing of the petition, of which $299.00 reimbursed the Dragon Firm for the filing fee it advanced. Thus, the unpaid balance of the counsel fee is $299.00. There is a substantial question whether the Dragon Firm can attempt to collect the unpaid balance of the counsel fee without violating 11 U.S.C. §§362(a) or 727(b). For a recent discussion of the competing lines of authority on the issue, see In re Mansfield, 394 B.R. 783 (Bankr. E.D. Pa. 2009). In this case, it is presently unnecessary to reach any of the issues decided in Mansfield.